UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20601-RNS

UNITED STATES OF AMERICA

v.

ALFREDO SOLARES MEJIA,

    Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant ALFREDO SOLARES MEJIA (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

1. On September 19, 2019, a federal grand jury returned a single-count Indictment charging the Defendant with a violation of title 21 U.S.C. § 963. Indictment, ECF No. 1. The Indictment also contains forfeiture allegations, which alleged that upon conviction of a violation of 21 U.S.C. § 963, the Defendant shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation and any property which the defendant used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such violation. *See id.* at 2.

2. On December 9, 2021, the Court accepted the Defendant's guilty plea to the sole count of the Indictment. *See* Minute Entry, ECF No. 23. As part of his guilty plea, the Defendant in his Plea Agreement, agreed to the entry of a forfeiture money judgment against him for $500,000 (US), which he also admitted and agreed in the same paragraph was a sum of money equal in value

to the property constituting, or derived from, any proceeds he obtained, directly or indirectly, as the result of the violation charged in the Indictment, and any property which he used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such violation. *See* Plea Agreement, ECF No. 21, ¶ 7. *See* Factual Proffer, ECF No. 22.

3. On February 8, 2022, the Court set the Defendant's sentencing hearing for February 22, 2022. *See* Paperless Order, ECF No. 29.

4. Rule 32.2.(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that forfeiture consists of a money judgment." Furthermore, the United States may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), once an order of forfeiture is entered to amend that order to forfeit specific property belonging to the Defendant as substitute assets, up to the amount of the forfeiture money judgment.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 21 U.S.C. § 853, and Fed. R. Crim. P. 32.2 a forfeiture money judgment in the amount of $500,000 (US) is hereby entered against the Defendant.

2. It is further ordered that the United States may, at any time, file a motion pursuant to Fed. R. Crim. P. 32.2(e) to amend this Preliminary Order of Forfeiture and Forfeiture Money Judgment so to as forfeit substitute property having a value not to exceed the aggregate sum of the outstanding balance of the forfeiture money judgment imposed herein in satisfaction of the forfeiture money judgment in whole or in part.

3. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Fed. R. Crim. P. 32.2(e)(1), shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**CASE NO. 19-CR-20601-RNS**

**DONE AND ORDERED** in Miami, Florida, on February 22, 2022.

                                                ROBERT N. SCOLA, JR.
                                                UNITED STATES DISTRICT JUDGE