```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2
                       CASE NO. 19-20601-CR-SCOLA
 3
      UNITED STATES OF AMERICA,
 4                                              Miami, Florida
                   Plaintiff(s),
 5                                              July 9, 2021
            vs.
 6
      ALFREDO SOLARES MEJIA,
 7
                   Defendant(s).
 8    ------------------------------------------------------------

 9                     GARCIA/RULE 44(C) HEARING
                BEFORE THE HONORABLE ROBERT N. SCOLA, JR.
10                    UNITED STATES DISTRICT JUDGE

11    APPEARANCES:

12    FOR THE PLAINTIFF(S):   Walter M. Norkin, Esquire
                              United States Attorney's Office
13                            99 North East Fourth Street
                              Miami, Florida 33132
14


15
      FOR THE DEFENDANT(S):   Jose Carlos A. Villanueva, Esquire
16                            Jose Carlos Villanueva, PA
                              2332 Galiano Street
17                            Second Floor
                              Coral Gables, Florida 33134
18


19

20    REPORTED BY:            Tammy Nestor, RMR, CRR
                              Official Court Reporter
21                            400 North Miami Avenue
                              Miami, Florida 33128
22                            tammy_nestor@flsd.uscourts.gov

23


24


25
```

```
 1  The following proceedings began at 10:04 a.m.:
 2          THE COURT:  Our next matter is United States versus
 3  Alfredo Solares Mejia.  Can you state your appearances, please.
 4          MR. NORKIN:  Walter Norkin for the government.  Good
 5  morning, Your Honor.
 6          THE COURT:  Good morning.
 7          MR. VILLANUEVA:  Good morning, Your Honor.  Jose
 8  Carlos Villanueva on behalf of Mr. Solares, who is present in
 9  the courtroom and being aided by the court interpreter.
10          THE COURT:  Good morning.
11          Good morning, Mr. Solares.
12          THE DEFENDANT:  Good morning.
13          THE COURT:  We are here for a Garcia hearing based
14  upon the government's claim that Mr. Villanueva, in addition to
15  representing Mr. Solares, also represents two other individuals
16  in other cases that may have some connection to this case and
17  to Mr. Solares.  So this is set for a Garcia hearing.
18  Mr. Norkin, why don't you give us some background as a basis
19  for my discussion and questioning of Mr. Solares.
20          Mr. Solares, please listen carefully to what the
21  prosecutor is going to say.
22          MR. NORKIN:  Yes, Your Honor.  So Mr. Villanueva
23  represents a defendant in Washington, D.C. and another
24  defendant in Tampa that have some overlap with this case.
25          THE COURT:  What are their names?
```

```
1            MR. NORKIN:  Well, I know one of the cases is sealed,
2    and I don't know if the other one is sealed.
3            MR. VILLANUEVA:  The Tampa case is not.
4            THE COURT:  There is nobody here except the staff and
5    us.
6            We are going to seal, Tammy, just the next sentence
7    when he names those people, because I don't want there to be
8    some claim later that he says, oh, I thought he was talking
9    about John Smith, not Joe Davis.  If I knew it was Joe Davis, I
10   would have never agreed to waive the conflict.
11           So just name the people and we won't name them again.
12           MR. NORKIN:  Understood.  Could counsel, because I
13   don't know their full names.
14           MR. VILLANUEVA:  Yes, Your Honor. Defendant one is
15   Carlos Amaya.
16           THE COURT:  Carlos.
17           MR. VILLANUEVA:  Amaya.
18           THE COURT:  A-M-A-Y-A.
19           MR. VILLANUEVA:  Yes.
20           THE COURT:  Okay.
21           MR. VILLANUEVA:  This case is out of Tampa.  He
22   already pled and was sentenced.  That case is not sealed.
23           The other case is a DC case, and that's 20-CR-034.
24   The name of the defendant is J████  M██████  D█████.
25           THE COURT:  J████, that's J████████?
```

```
 1              MR. VILLANUEVA:  J-_____, I believe.
 2              THE COURT:  Okay.  And what are the other names?
 3              MR. VILLANUEVA:  M_____ D_____.
 4              THE COURT:  D_____.  Okay.
 5         So, Tammy, only the name of Mr. M_____ D_____ needs to
 6   be sealed.
 7              THE COURT REPORTER:  Judge, can I just redact it?
 8              THE COURT:  Yes, whatever is easier.
 9         Go ahead.
10              MR. NORKIN:  Those two defendants have some overlap
11   with Mr. Solares, who is here.  Neither of the defendants was
12   used to build the case against Mr. Solares, so they weren't
13   used as witnesses that way.  However, there was a wiretap that
14   was used, among other evidence.  And on that wiretap, I know
15   that at least Mr. DeLeon is on it.  I don't know if Mr. Amaya
16   is as well.  But if Mr. Solares were to proceed to trial, both
17   of those individuals could be potential witnesses against him.
18              It is a waivable conflict because we don't envision
19   Mr. Solares going to trial.  We have already had some plea
20   negotiations, and we think this matter is going to be resolved
21   that way rather than by trial.  But even in the case of plea
22   negotiations, there is a potential for conflict because if
23   something goes badly later and Mr. Solares is unhappy with how
24   things went, there could be the allegation that Mr. Villanueva,
25   for example, advised him to plead guilty rather than force one
```

```
 1   of the other defendants to be a potential witness or something
 2   like that.
 3          There is also the potential that, while not any of the
 4   people, not Mr. Solares, not Mr. Amaya, not Mr. DeLeon, are
 5   expected to proceed to trial, in the event that there are three
 6   people cooperating and it is determined that one of those
 7   people is not being truthful, the cooperation ends up getting
 8   torn up, and the other two people then could be witnesses
 9   against that person.  That could be Mr. Solares.  That could be
10   any of the other two defendants.  But that's kind of the longer
11   term risk even if no one goes to trial even if everyone pleads
12   guilty.
13          So the brunt of the damage should Mr. Villanueva be
14   forced to pull out of a case, I submit, would be borne by
15   Mr. Solares because he is the most recent defendant to have
16   hired Mr. Villanueva.
17          So I expect that if there is a problem down the line,
18   the first defendant that Mr. Villanueva would be compelled to
19   stop representing would be Mr. Solares.  And obviously there
20   are risks and problems with switching counsel late in the
21   processes for Mr. Solares if it ever gets to that point.
22          So those are the risks that Mr. Solares should be
23   aware of in deciding that he would like to waive conflict and
24   proceed with Mr. Villanueva.
25          THE COURT:  Okay.  Mr. Villanueva, I saw in the
```

1   government's motion, I think, somewhere in writing, that you
2   have indicated that you have spoken to your other two clients
3   and that they are willing to waive the conflict.
4           MR. VILLANUEVA:  That is correct, Your Honor, I have.
5           THE COURT:  Okay.  So, Mr. Solares, first of all, did
6   you hear and understand the prosecutor's statements to me just
7   a moment ago?
8           THE DEFENDANT:  Yes, Your Honor.
9           THE COURT:  Do you understand that you have the right
10  to have an attorney represent you who does not have these
11  possible conflicts of interest?
12          THE DEFENDANT:  I'm sorry, I didn't quite understand.
13          THE COURT:  Sure.  So you have heard the prosecutor
14  say that Mr. Villanueva, because he is representing two other
15  people who have similar cases whose cases may be somewhat
16  related to your case, that there is a possibility that your
17  lawyer would have a conflict and have to choose between your
18  best interests and one of the other two related defendants'
19  best interests.  It's not probable under these circumstances,
20  but it is possible.  Do you understand that there is that
21  possible conflict?
22          THE DEFENDANT:  Yes, Your Honor.  Yes.
23          THE COURT:  And in this country, you have a
24  constitutional right to the attorney of your choice.  So
25  obviously you have chosen Mr. Villanueva.  And that choice is

```
 1  entitled to a great deal of deference from the courts.  But
 2  also, I want you to understand that you have the constitutional
 3  right to have an attorney of your choosing who does not have
 4  any possible conflicts.  Do you understand that?
 5          THE DEFENDANT:  Yes, Your Honor.
 6          THE COURT:  Knowing that Mr. Villanueva may have this
 7  divided loyalty, may have some -- down the road there may be
 8  some problems that come up, are you willing to continue with
 9  him as your attorney?
10          THE DEFENDANT:  Yes, Your Honor.
11          THE COURT:  Do you want more time to think about this
12  decision?
13          THE DEFENDANT:  No.  No, Your Honor.
14          THE COURT:  Do you want me to appoint an attorney for
15  you for the sole purpose of talking to this other attorney and
16  getting advice about this issue?
17          THE DEFENDANT:  No, Your Honor.  No.
18          THE COURT:  All right.  I am going to find that
19  Mr. Solares has waived any possible conflict, and I am going to
20  allow Mr. Villanueva to continue to represent Mr. Solares.
21          Anything else we can do this morning?
22          MR. NORKIN:  No, Your Honor.
23          MR. VILLANUEVA:  No, Your Honor.
24          THE COURT:  Okay.  Is there a future date in this
25  case?
```

```
 1              This is set for calendar call.
 2              MR. NORKIN:  Right.
 3              THE COURT:  July 7.
 4              MR. NORKIN:  I believe there was a September date set
 5   for the calendar call.
 6              THE COURT:  Oh, they automatically reset it.
 7              THE COURTROOM DEPUTY:  You continued it.
 8              THE COURT:  Okay.  All right.  So we have a trial date
 9   in September.  If you all resolve it before that and need a
10   change of plea date, just contact Jacob.  Otherwise, we will
11   see you at the calendar call in September.
12              MR. NORKIN:  Thank you, Judge.
13              THE COURT:  Thank you all.
14              THE DEFENDANT:  Thank you.  May God bless you all.
15              THE COURT:  Okay.  Thank you.
16              (The hearing concluded at 10:14 a.m.)
17                              - - -
18                        C E R T I F I C A T E
19               I hereby certify that the foregoing is an
20   accurate transcription of the proceedings in the
21   above-entitled matter.
22   2/28/22                   s/ Tammy Nestor
                               Tammy Nestor, RMR, CRR
23                             Official Court Reporter
                               400 North Miami Avenue
24                             Miami, Florida 33128
                               tammy_nestor@flsd.uscourts
25
```